IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEREK ALLAN OFENHAM,

        Petitioner,

v.

RICK COURSEY,

        Respondent.

Case No.  2:13-cv-00006-HU

FINDINGS AND RECOMMENDATION

Anthony D. Bornstein
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

1 -- FINDINGS AND RECOMMENDATION

## BACKGROUND

On October 10, 2005, petitioner was arrested for the murder of Mark Lynn Howard. Resp. Exh. 103 at 9 & 19-20. Following a polygraph examination, petitioner admitted to killing Howard. <u>Id.</u> at 72 & Resp. Exh. 131 (disc 2). Petitioner subsequently participated in a videotaped re-enactment of the murder at the crime scene. Resp. Exh. 103 at 20-24; & Resp. Exh. 132. On October 17, 2005, petitioner was indicted on the charge of murder. Resp. Exh. 102.

On January 24, 2006, defense counsel filed a motion for an omnibus hearing "to determine whether statements allegedly made by Defendant to law enforcement personnel and their agents were taken in accordance with state and federal constitutional standards . . . ." Resp. Exh. 118 (<u>citing</u> <u>Jackson v. Denno</u>, 378 U.S. 368, 390-91 (1964). Additionally, defense counsel moved to suppress petitioner's statements to police on the basis of (1) the State's discovery violations; (2) the "lack of advice to Defendant that his statements were being tape recorded"; and (3) "the continuing lack of discovery of relevant matters including audio or video tapes of the Defendant in the possession" of the police department. Resp. Exh. 113.

On March 23, 2006, a hearing was held to determine whether petitioner's statements to the police would be admissible at trial. Resp. Exh. 103 at 4. Eugene Police Detectives Danny Braziel and

Matt Herbert testified that they first questioned petitioner at his place of business for approximately an hour and 45 minutes. Id. at 9-14 & 60-61. Petitioner then drove to the police station in his own pickup truck and parked in the secured police parking lot. Id. at 14 & 32-33; & Resp. Exh. 112 at 1. Petitioner agreed to take a polygraph examination, and Oregon State Police Trooper Mark Ranger administered the test. Resp. Exh. 103 at 16, 36 & 66. According to Trooper Ranger and Detective Braziel, Ranger read petitioner his Miranda rights immediately prior to the polygraph test and petitioner waived those rights. Id. at 39 & 68-70; Resp. Exh. 112 at 2. After the test was administered, petitioner was questioned for approximately three and a half hours and eventually confessed to the murder.[1] Resp. Exh. 103 at 17-18 & 46; Resp. Exh. 112 at 2; and Resp. Exh. 131 (disc 2). Petitioner was not re-advised of his Miranda rights during this interrogation. Resp. Exh. 103 at 46-47. At the conclusion of the interrogation, petitioner was advised that he was under arrest. Id. at 19-20. Detective Braziel testified that petitioner never requested to talk with a lawyer. Id. at 22-23.

Petitioner, in contrast, testified that Trooper Ranger never *read* him a Miranda warning, but instead just handed him a form for

---

[1] In the middle of his confession, petitioner received a telephone call from his mother. The detectives took petitioner's cell phone without answering the call. Resp. Exh. 103 at 47-49, 81-82, 91-92 & 112; & Resp. Exh. 131 (disc 2).

signature that Ranger described as a standard polygraph waiver. Id. at 87-88. Petitioner further testified that he requested an attorney during the "second" interrogation, but officers told him he had already waived that right. Id. at 89-90.

At the conclusion of the suppression hearing, defense counsel argued for suppression on the basis that (1) petitioner was "in custody" when he was questioned at the police station; and (2) officers told petitioner that he could not confer with an attorney. Id. at 98-99 & 106-08; see also Resp. Exh. 114 at 1-2. The trial judge found the officers to be credible, concluding that petitioner was orally advised of his Miranda rights prior to the polygraph examination; that he waived those rights; that he was advised the interrogation was being videotaped; and that petitioner was not "in custody" until he was placed under arrest. Resp. Exh. 103 at 109-14.

On April 13, 2006, petitioner was convicted of murder following a stipulated facts trial. Resp. Exhs. 104 & 115. Petitioner was sentenced to life imprisonment, with the possibility of parole in 25 years. Resp. Exh. 101 at 2; & Resp. Exh. 105. Petitioner filed a direct appeal which he voluntarily dismissed because the trial error he sought to raise (denial of motion to suppress) was not preserved for appeal. See Resp. Exhs. 106, 107 & 110 at 7-8.

Petitioner subsequently sought state post-conviction relief alleging that (1) police violated his Fifth and Fourteenth Amendment rights during the interrogations; (2) the prosecution committed a Brady violation; and (3) he was denied effective assistance of counsel. Resp. Exh. 109. The government opposed post-conviction relief on all claims except that trial counsel was ineffective for failing to preserve "the issues presented during the hearing on the Motion to Suppress and Omnibus Hearing." Resp. Exh. 110 at 7-8 & 17. As to that claim, the parties entered into a stipulated settlement agreement which provides as follows:

> 3. The parties have conferred and decided to settle this case prior to trial. To resolve this case, the parties agree as follows:
>
> A. The state agrees that petitioner shall be granted another direct appeal from the conviction and sentence in Lane County . . . **to the extent that he is allowed to contest the court's denial of petitioner's pre-trial Motion to Suppress through a review of the issues raised in that Motion to Suppress and the hearing on the Motion to Suppress.**
>
> * * * * *
>
> 4. The intent of this agreement is to eliminate all future litigation, apart from the above-referenced direct appeal and further proceedings from that appeal, between the parties based on or related to the adequacy of the representation of petitioner by Daniel Koenig in the prior criminal proceeding . . . .

Resp. Exh. 119 (emphasis added).

5 -- FINDINGS AND RECOMMENDATION

On February 12, 2009, the post-conviction court granted post-conviction relief in accord with the parties' stipulation as follows:

> NOW THEREFORE IT IS HEREBY ORDERED:
>
> Petitioner's petition for post conviction relief is hereby granted in part as follows:
>
> 1. Petitioner shall be entitled to a new direct appeal . . . .
>
> * * * * *
>
> 3. ***Petitioner may be [sic] argue issues arising from that March 23, 2006 [suppression] hearing without a requirement of preservation in the trial court. Specifically included for direct review are issues involving police misconduct and the petitioner's right to communicate under State and federal constitutions.***
>
> 4. Petitioners [sic] other claims contained within petitioner's First Amended Petition for Post Conviction Relief are dismissed with prejudice.

Resp. Exh. 121 (emphasis added); see also Resp. Exhs. 122 & 123. Petitioner did not appeal from that decision.

Pursuant to the state post-conviction court judgment, petitioner filed a second direct appeal assigning error "to the admission of his statements to police *following a polygraph interview.*" Resp. Exh. 124 at 8 (emphasis added). For the first time, petitioner argued that he should have been *re-advised* of his Miranda rights after the polygraph test:

> Even though an officer gives *Miranda* warnings for a polygraph interview, a subsequent *Miranda* warning is

6 -- FINDINGS AND RECOMMENDATION

required when there has been a significant change in circumstances between the polygraph interview and the new interrogation.

Id. at 3. Specifically, petitioner argued that suppression of his post-polygraph statements was warranted because (1) "the *Miranda* warnings administered by the polygrapher did not continue to operate to advise defendant of his rights once the examination had concluded;" (2) "the police created two separate interrogation environments between the polygraph interview and the interrogation;" and (3) "the circumstances under which the interrogation occurred had changed drastically from the circumstances under which the polygraph interview was administered." Id. at 17-18.

The Oregon Court of Appeals affirmed petitioner's conviction on the basis that petitioner's argument that he should have been re-advised of his Miranda rights after the polygraph interview was not raised in the trial court and, therefore, was not preserved for appeal:

> The argument that defendant should have been re-advised of his *Miranda* rights before the interview in which he confessed simply was not made in the trial court. Instead, until this appeal, defendant consistently took the position that the trial court should have granted his motion to suppress because defendant asked for and was denied an attorney, because he was not advised that the interview was being recorded, and because police denied him the right to communicate. Although defendant asserted in support of those arguments that he was in police custody, those arguments are significantly different from the argument that, under the totality of the circumstances, a reasonable person could have

7 -- FINDINGS AND RECOMMENDATION

> believed that his rights had changed since the initial advisement (here, the advisement of rights that preceded the polygraph test) . . . . Defendant did not preserve in the trial court the claim of error that he now asserts.

State v. Ofenham, 244 Or. App. 514, 521, 260 P.3d 722 (2011).

In so holding, the Oregon Court of Appeals concluded that the state post-conviction judgment did not permit petitioner to assert the unpreserved claim of error:

> In the context of the parties' arguments in the post-conviction court and the preceding paragraph of the judgment-allowing the evidence that defendant had sought to suppress to be "treated as though it had been properly included in the stipulated facts trial, as part of the record for appeal"-we do not understand the post-conviction court to have intended to waive *all* requirements of preservation. Rather, the parties and the post-conviction court intended to enable defendant, despite the error concerning the record on the stipulated facts trial, to appeal the issues that he had raised in the hearing on the motion to suppress. The parties consistently referred to that error as the "preservation" issue; correction of that error was the relief that defendant obtained in the post-conviction court. The post-conviction judgment does not allow defendant, in this appeal, to make entirely new arguments on the motion to suppress.

Id. at 522. The Oregon Supreme Court denied review. State v. Ofenham, 352 Or. 25, 281 P.3d 261 (2012).

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). If a state prisoner

8 -- FINDINGS AND RECOMMENDATION

procedurally defaults his federal claims in state court, habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

A federal claim is procedurally defaulted if the petitioner does not fairly present his federal claims to the appropriate state courts at all appellate stages afforded under state law, and state procedural rules would now bar consideration of the claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 & 848 (1999); Cooper v. Neven, 641 F.3d 322, 327-28 (9th Cir. 2011). Additionally, a federal claim is procedurally defaulted if it is raised to the appropriate state court, but expressly rejected by that court based upon a state law that is *independent* of the federal question and *adequate* to support the judgment. Walker v. Martin, 131 S.Ct. 1120, 1127 (2011); Lee v. Kemna, 534 U.S. 362, 375 (2002); Coleman, 501 U.S. at 729; Nitschke v. Belleque, 680 F.3d 1105, 1109 (9th Cir. 2012).

## I.   Ground for Relief One

In ground for relief one, petitioner alleges that his "[c]onviction [was] obtained by a coerced confession" because he was not re-advised of his Miranda rights after the polygraph and before the interrogation recommenced. Respondent moves the court to deny habeas relief on the basis that the Oregon Court of Appeals

9 -- FINDINGS AND RECOMMENDATION

rejected this claim pursuant to an independent and adequate state procedural rule requiring assignments of error to be preserved in the trial court. Resp. Response at 14 (citing Or. R. App. P. 5.45(1)).[2] In response, petitioner argues that he "effectively complied with the state's procedural rules" and, in the alternative, "in light of the unique facts of his case, the state's preservation rule . . . is not adequate to preclude federal review." Pet.'s Brief at 2 & 7.

When a respondent pleads the existence of an independent and adequate state procedural rule as an affirmative defense, the burden shifts to the petitioner to demonstrate the inadequacy of the state rule. Petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure. If the petitioner satisfies this burden, the respondent bears the ultimate burden of proving the rule bars federal review. King v. LaMarque, 464 F.3d 963, 966-67 & n.2 (9th Cir. 2006); Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003).

A state procedural rule is *adequate* if it is "'firmly established and regularly followed.'" Walker, 131 S.Ct. at 1127

---

[2] Oregon Rule of Appellate Procedure 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court . . . provided that the appellate court may consider an error of law apparent on the record."

10 -- FINDINGS AND RECOMMENDATION

(quoting Beard v. Kindler, 558 U.S. 53, 60, (2009)). "There are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Lee, 534 U.S. at 885; Walker, 131 S.Ct. at 1128. The adequacy of a state rule is, itself, a federal question. Beard, 558 U.S. at 60; Lee, 534 U.S. at 375.

Petitioner's contention that he "effectively complied" with the state preservation rule is not determinative, in and of itself, of the adequacy of a state procedural rule. Generally, it is not the province of a federal habeas court to review a state court's application of state procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner must demonstrate either that (1) the state preservation rule is not *adequate* to support the judgment; or (2) the state court's application of the preservation rule is "exorbitant" in this context.[3]

Petitioner has made no showing that the state preservation rule (Or. R. App. P. 5.45(1)) is not firmly established or regularly followed. Indeed, judges of this court and the Ninth

---

[3] Petitioner does not argue that the Court of Appeals' decision is not *independent* of the federal question. See Nitschke, 680 F.3d at 1109 (state procedural rule is not independent if the state law ground for decision is interwoven with federal law). Independence and adequacy are separate inquiries. Id. at n.5.

11 -- FINDINGS AND RECOMMENDATION

Circuit have concluded that the state preservation rule is adequate to support a state-court judgment. <u>Sanders v. Mills</u>, 2014 WL 1322986 *7-*8 (D.Or. Apr. 1, 2014); <u>Bohannon v. Franke</u>, 2013 WL 3766555 *3-*4 (D.Or. July 16, 2013); <u>see also</u> <u>Tatarinov v. Premo</u>, 533 Fed. Appx. 778 (9th Cir. July 18, 2013) (concluding that plain error rule of Or. R. App. P. 5.45(1) is firmly established and regularly followed)(unpublished).

Further, petitioner has failed to demonstrate that the Oregon Court of Appeals' application of the rule was exorbitant under the circumstances of this case. <u>See</u> <u>Lee</u>, 534 U.S. at 380 (state rule not adequate if its "unyielding application" would disserve any perceivable governmental interest); <u>Walker</u>, 131 S.Ct. at 1128 n.4 (explaining that holding in <u>Lee</u> was premised on the state court's "persnickety" application of the state rule, the petitioner's substantial compliance with the rule, and the fact that flawless compliance would have been unavailing given the trial court's reasoning).

On the contrary, the Court of Appeals construed the parties' stipulated agreement and the post-conviction judgment to put petitioner in the place he would have been had trial counsel preserved the suppression issues for appeal. The state court's construction of the judgment to limit the second appeal to issues raised to the trial court is not a peculiar, unexpected, or exorbitant application of the state preservation rule under the

12 -- FINDINGS AND RECOMMENDATION

circumstances. Moreover, the appellate court's invocation of the rule furthers the state interest in having all objections raised to the trial court in the first instance.

In sum, petitioner's first ground for relief is procedurally defaulted based upon an independent and adequate state rule. Petitioner has made no showing that the default should be excused on the basis of cause and prejudice, or because failure to do so will result in a fundamental miscarriage of justice. Accordingly, habeas relief on this ground is precluded.

## II. Grounds for Relief Two and Three

In his second ground for relief, petitioner alleges that he received ineffective assistance of counsel in nine particulars identical to those raised in his First Amended Petition for Post-Conviction Relief. Those particulars were not raised in an appeal from the state post-conviction judgment (because they were dismissed with prejudice pursuant to the parties' stipulated agreement). The time for raising those claims on appeal has expired, and petitioner cannot file a second petition for state post-conviction relief. See O.R.S. 138.071(1) & 138.550(4). Accordingly, ground for relief two is procedurally defaulted.

In his third ground for relief, petitioner alleges that he was denied the right to appeal because the Oregon Court of Appeals "ruled in the states' favor and would not rule on the issues at hand." Petition (#1) at 8. In support of this ground, petitioner

13 -- FINDINGS AND RECOMMENDATION

re-alleges eight of the nine subparts raised in ground for relief two. Those grounds are procedurally defaulted for the reasons addressed above. Moreover, to the extent that petitioner seeks to have this court review the state appellate court's decision finding his Fifth Amendment claim unpreserved, this court lacks jurisdiction to act as a state appellate court, and habeas relief does not lie for an error of state law. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001); Estelle, 502 U.S. at 67.

In sum, grounds for relief two and three are procedurally defaulted. Petitioner has made no showing that the default should be excused on the basis of cause and prejudice, or because failure to do so will result in a fundamental miscarriage of justice. Accordingly, federal habeas relief is barred.

## CONCLUSION

For the reasons set forth above, petitioner's petition for a writ of habeas corpus (#1) should be denied. Because jurists of reason would find it debatable whether petitioner procedurally defaulted his available state remedies and whether his Fifth Amendment rights were violated, a certificate of appealability should be granted on ground for relief one only. Slack v. McDaniel, 529 U.S. 473, 483-85 (2000); 28 U.S.C. § 2253(c)(2).

///

///

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 25, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due September 11, 2014. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of August, 2014.

_____
Dennis J. Hubel
United States Magistrate Judge

15 -- FINDINGS AND RECOMMENDATION